UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Charles Edward Moss, Jr., ) | |
| ) | C/A No. 8:95-338-005-GRA |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the Court on petitioner's motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Petitioner challenges his conviction and sentence on the following grounds: (1) that a prior conviction for simple possession of cocaine was erroneously listed as distribution of cocaine and used to enhance his sentence as a career offender; and (2) that his attorney provided ineffective assistance of counsel in failing to challenge his career offender status. In deciding a § 2255 motion, the court may summarily dismiss the motion "if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts. This Court has thoroughly reviewed the motion, files, and records in this case and finds that, for the reasons set forth below, petitioner is not entitled to relief. Therefore, petitioner's motion is hereby DISMISSED.

1

**BACKGROUND**

On March 1, 1995, petitioner was indicted for possession of cocaine with intent to distribute and to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. On July 10, 1995, petitioner entered a plea of guilty and this Court accepted his guilty plea. On October 30, 1995, the Court sentenced petitioner to one hundred twenty (120) months imprisonment followed by five-years supervised release.

Petitioner filed a notice of appeal on November 3, 1995 claiming ineffective assistance of counsel and that he was entitled to a downward departure from the United States Sentencing Guidelines. The 4th Circuit Court of Appeals affirmed the judgment of this Court by unpublished *per curiam* opinion on October 7, 1996.

On September 9, 1997, petitioner filed a motion for extension of time to file his § 2255 motion. The Court denied petitioner's motion on September 22, 1997. Petitioner filed another motion for extension of time to file his § 2255 motion on October 2, 1997. The Court denied this motion on October 17, 1997. Petitioner filed a motion to reconsider that same date, followed by a notice of appeal on November 5, 1997. This Court denied the motion to reconsider on November 12, 1997. On March 25, 1998, the Court of Appeals affirmed this Court's denial of an extension of time to file petitioner's § 2255 motion.

On November 22, 2006, petitioner filed the instant petition for relief under 28 U.S.C. § 2255.

## ANALYSIS

Petitioner is proceeding *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The Court need not address the merits of petitioner's § 2255 claim because it was untimely filed. 28 U.S.C. § 2255 provides that:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

3

The judgment of conviction became final on January 5, 1997 when the time for filing a writ of certiorari with the U.S. Supreme Court had expired. *See* Supreme Court Rule 13.

In explaining the delay in filing his § 2255 petition, petitioner states that "in 2004 in Oconee County S.C. that's when the pititoner (sic) found out Oconee County don't have clear and convincing evidence of 1991 prior convictions." Even assuming for the purpose of argument that petitioner could not have discovered the alleged error in the exercise of due diligence until 2004, over a year has passed and therefore his § 2255 claim is untimely.

## **CONCLUSION**

Petitioner's § 2255 petition is untimely. IT IS THEREFORE ORDERED that Petitioner's claim for relief under § 2255 be DISMISSED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

February 28, 2007

Anderson, South Carolina

4

**NOTICE OF RIGHT TO APPEAL**

Petitioner has the right to appeal this Order within sixty (60) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.