UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| United States of America, | Cr. No.: 8:95-cr-00338-GRA |
| v. | **ORDER** (Written Opinion) |
| Charles Edward Moss, Jr, | |
| Defendant. | |

This matter comes before the Court on the defendant's *pro se* motion to modify his sentence, pursuant to 18 U.S.C. § 3582(c)(2) filed on October 6, 2008. The petitioner seeks a reduction pursuant to a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission (the Commission) pursuant to 28 U.S.C. § 994(u). For the reasons stated herein, the defendant's motion is denied.

## **Background**

The defendant's motion is based on Amendment 706 to the United States Sentencing Guideline (U.S.S.G.) § 2D1.1(c). This amendment adjusts the base offense level assigned to each threshold quantity of cocaine base, or "crack cocaine," downward by two levels. U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007). On December 11, 2007, the Commission voted to add this amendment to the list of amendments in U.S.S.G. § 1B1.10(c) that may be applied retroactively. This

amendment became effective on March 3, 2008. Further, the Commission amended Application Note 10(D) to § 2D1.1 in order to remedy sentencing anomalies under Amendment 706. This amendment became effective on May 1, 2008; therefore this matter is now ready for disposition.

## Standard of Review

Defendant brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

## Discussion

The defendant was sentenced on October 27, 1995 as a result of a guilty plea to a charge of conspiracy to possess with intent to distribute and to distribute cocaine base. According to the U.S.S.G., the defendant's base offense level, pursuant to U.S.S.G. § 2D1.1(3)(c)(7)(1994), was a 26. However, pursuant to U.S.S.G. § 4B1.1(1994), the defendant's offense level was adjusted to a 34 because the defendant is a career criminal. As a career criminal, the defendant's guideline range was "not based on the quantity of drugs attributable to him, but rather on the maximum sentence for the offense of conviction." *United States v. Smith*, 441 F.3d 254, 273 (4th Cir. 2006); U.S.S.G. §4B1.1. Defendant's offense level was then

reduced by two levels for acceptance of responsibility under U.S.S.G. § 3E1.1(a)(1994). Therefore, the defendant's total offense level (32) and criminal history category (VI) called for a sentencing range of 210 to 262 months. The Court sentenced the defendant to 210 months in custody and five years supervised release.

Under 18 U.S.C. § 3582(c)(2), this Court may reduce a previously imposed sentence "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . *if such a reduction is consistent with applicable policy statements* issued by the Sentencing Commission." (emphasis added) Here, a reduction in the defendant's sentence is not consistent with the applicable policy statements.

U.S.S.G. § 1B1.10(b)(1), the applicable policy statement, states:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

Supplement to 2007 Guidelines Manual (May 1, 2008). The application note to this section further explains which cases qualify for a reduction under § 3582(c). It states:

> Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in

> subsection (c) that lowers the applicable guideline range. Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: . . . (ii) an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline. . . .

Application Note 1(A), U.S.S.G. § 1B1.10.

This application note makes it clear that a reduction in the defendant's sentence is not consistent with U.S.S.G. § 1B1.10(b)(1) and is not authorized by 28 U.S.C. § 3582(c). Although Amendment 706 is applicable to the defendant, it does not have the effect of lowering the defendant's applicable guideline range because of the operation of the career criminal guideline. The defendant was sentenced as a career offender under U.S.S.G. § 4B1.1(b), not under U.S.S.G. § 2D1.1 for the drug offenses, and since Amendment 706 does apply to section 4B1.1(b), the defendant is not entitled to a reduction. Because a reduction in the defendant's sentence is not consistent with the applicable policy statement, this Court is not authorized to reduce the defendant's sentence pursuant to § 3582(c)(2).

### **Conclusion**

After a thorough review of the defendant's motion and relevant law, this Court DENIES the defendant's motion.

IT IS THEREFORE ORDERED the defendant's motion be DENIED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

October 20, 2008
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, the defendant has the right to appeal this Order within ten (10) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**